UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                                      Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Doc. 23)**

Before the Court is Plaintiff James Rutherford's Application for Default Judgment. (App., Doc. 23-1.) Having taken the matter under submission, and considered Rutherford's Application and all related papers, the Court GRANTS the Application.[1]

### I.     BACKGROUND

Plaintiff is a California resident who relies on a wheelchair and other devices for his mobility, and is limited in performing life activities including "walking, standing, ambulating, sitting, and grasping objects." (Compl. ¶ 1, Doc. 1; Rutherford Decl. ¶ 2, Doc. 23-4; Mot at 7.) On or about February 6, 2019, Rutherford visited El Cabrito, a business located at 1604 West 1st Street, Santa Ana, California 92703 ("Subject Property") with "the dual purpose of purchasing menu items and to confirm [the business's accessibility] to persons with disabilities within the meaning [of] federal and state law." (Compl. ¶¶ 2, 10; Rutherford Decl. ¶ 3; Mot. at 7.) Public Records reflect that (1) the Subject Property is owned in its entirety by Defendant Miguel Romo and (2) Defendant Johnny Lucatero is the sole proprietor of El Cabrito. (*See* Subject Property

---

[1] The Court found this matter appropriate for decision without oral argument and vacated the hearing set for February 21, 2020 at 10:30 a.m. (Doc. 25; *see* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                                        Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

Records and El Cabrito Business License Tax Record, Manning Decl. Ex. 4, Doc. 23-6.) Rutherford states that he does not know the exact nature of Defendants' "business capacities, their ownership connection to the Property and Business, or their relative responsibilities" for the Subject Property's physical condition, but "alleges a joint venture and common enterprise by all such Defendants, and believes that each Defendant "is responsible in some capacity for the events" alleged. (Compl. ¶ 6.)

On the date of Rutherford's visit to El Cabrito, he encountered various barriers to the business's accessibility. Specifically, (1) the parking lot serving the business had no Americans with Disability Act Accessibility Act Guidelines-compliant ("ADAAG") parking spaces or van-accessible parking. (Compl. ¶ 14, Rutherford Decl. ¶¶ 3-6; Mot. at 7-8.) Similarly, (2) the ADAAG-required signage associated with those parking spaces was deficient. (*Id*.) Further, (3) "virtually the entire surface of the pavement in the parking lot [was] cracked, pock marked, crumbling and filled with deep holes," in contravention of ADAAG § 302.1; (4) "[t]here was no accessible route connecting the parking to the main entrance or elements within the facility" as required by § 206.2.2; (5) the width of the restroom doorways was approximately between 26 and 29 inches, falling below the ADAAG § 404.2.3 required minimum width of 32 inches; and (6) there were raised thresholds in the bathroom doorways which exceeded the half-inch maximum height set forth in ADAAG § 404.2.5. (*Id*.)

Rutherford additionally alleges that he would return to patronize El Cabrito—"for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law"—but is deterred by the alleged barriers.[2] (Compl. ¶ 24.) Finally, Rutherford alleges that the identified barriers could easily be removed "without much difficulty or expense." (*Id*. ¶ 27.)

---

[2] Plaintiff therefore has standing to bring this suit. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) ("Demonstrating an intent to return to a noncompliant accommodation is [] one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01609-JLS-JDE | Date: February 24, 2020 |
| Title: James Rutherford v. Johnny Lucatero, et al. | |

Rutherford filed suit in this Court on August 21, 2019, asserting claims for violations of: (1) the ADA, 42 U.S.C. § 12101 *et seq.*; and (2) the Unruh Act, Cal. Civ. Code § 51 *et seq.* (*Id.* ¶¶ 30–39.)  On November 26, 2019, the Court declined to exercise supplemental jurisdiction over Rutherford's Unruh Act claim.  (Order Declining Supp. Jurisdiction, Doc. 21.)

Defendants were each served with summons and copies of the Complaint on September 12, 2019 (Proofs of Service, Docs. 15, 16), but have failed to file answers, enter appearances, or otherwise respond to the Complaint.  Following Rutherford's October 15, 2019 request for an entry of default, the Clerk entered default against both Defendants Romo and Lucatero on October 16, 2019.  (Docs. 17, 18.)  Accordingly, the factual allegations of the Complaint, save for those concerning damages, are deemed to have been admitted.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6).  Rutherford filed the instant Application for Default Judgment on December 18, 2019, seeking injunctive relief under the ADA and $4,644.00 in attorneys' fees and costs.  (Notice of App. at 2, Doc. 23.)

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default *judgment* must be preceded by an entry of default.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  *See Geddes*, 559 F.2d at 560; *see also* Fed. R. Civ. P. 8(b)(6).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted).  "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE    Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). This is because the allegations of the amount of damages suffered are not taken as true. *See Geddes*, 559 F.2d at 560.

### III.   DISCUSSION

#### A.   Local Rule 55-1

Rutherford's Application complies with Local Rule 55-1. Rutherford accompanied this Application with a sworn declaration stating (1) the pleading on which default was entered and when it was entered, (2) that Defendants are not infants or incompetent persons, (3) that the Servicemembers Civil Relief Act does not apply, and (4) that notice of this Application has been served on Defendants. (Manning Decl. ¶¶ 2, 4-5.)

#### B.   *Eitel* Factors

##### 1.   **Prejudice to Plaintiff**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                                                      Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger*, 725 F. Supp. 2d at 920. Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy. *See id.* Absent entry of judgment, Rutherford will not be able to obtain the relief to which he is entitled. (*See* App. at 11.) Therefore, this factor weighs in favor of default judgment.

### 2.     Merits of Claims and Sufficiency of Complaint

The next two *Eitel* factors go to Plaintiff's likelihood of success on the merits. Under these two factors, plaintiffs seeking default judgments must "state a claim on which the[y] [] may recover." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation omitted). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trustees of Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4 (citation omitted).

#### a.     Americans with Disabilities Act

To prevail on an ADA claim, a plaintiff must show that "(1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE  Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

### i. Rutherford's Disability

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). Major life activities as defined by the ADA include ambulatory activities. *See* 42 U.S.C. § 12102(2)(A). The Complaint states that Rutherford "is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects," and consequentially "relies upon mobility devices, including at times a wheelchair, to ambulate." (Compl. ¶ 1.) Rutherford attests to the same. (Rutherford Decl. ¶ 2.) Because the Court accepts the Complaint's allegations as true (and, regardless, the allegation here is corroborated by testimony), Rutherford has established a physical impairment that substantially limits major life activities. Rutherford is therefore disabled within the meaning of the ADA.

### ii. Place of Public Accommodation

Restaurants whose operations affect commerce are places of public accommodation. *See* 42 U.S.C. § 12181(7)(B). Rutherford asserts that El Cabrito "is a facility open to the public, a place of public accommodation, and a business establishment." (Compl. ¶ 11.) As a business establishment selling goods and services (*see id.* ¶ 10-11), the business affects commerce.[3] Accordingly, accepting Rutherford's allegations as true, he has proven the second element of his ADA claim.

### iii. Denial of Public Accommodation Because of Existing Architectural Barrier

The next two elements of an ADA architectural barrier claim combine to

---

[3] *Cf. E.E.O.C. v. Ratliff*, 906 F.2d 1314, 1318 (9th Cir. 1990) ("[I]f a statute covers business 'in commerce,' a fairly specific showing must be made of a connection between the particular employer regulated and interstate commerce. . . . On the other hand, a statute may require only that the particular business 'affect' commerce . . . In such cases there is statutory jurisdiction so long as the business is in a class of activity that as a whole affects commerce.") (quoting *Usery v. Lacy*, 628 F.2d 1226, 1228 (9th Cir. 1980)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01609-JLS-JDE | Date: February 24, 2020 |
| Title: James Rutherford v. Johnny Lucatero, et al. | |

determine "whether architectural barriers worked to discriminate against the plaintiff on account of his physical disability." *Vogel*, 992 F. Supp. at 1009. Rutherford asserts that he patronized the El Cabrito in February 2019 and encountered inaccessible conditions, which "denied [him] full and equal access" to El Cabrito and the Subject Property. (Compl. ¶ 22.)

Barriers are defined by reference to the ADAAG. *See Chapman*, 631 F.3d at 945. Rutherford alleges that he encountered a non-ADAAG compliant parking lot and restrooms. (Compl. ¶ 14, Rutherford Decl. ¶¶ 3-6; Mot. at 7-8.) "Accessibility requirements can differ depending on when a public accommodation was constructed or last altered." *Langer v. Pac. Capital LLC*, No. CV159623DSFJEMX, 2017 WL 10509045, at *2 (C.D. Cal. Mar. 13, 2017). First: "[t]here are three categories of accessibility requirements under Title III of the ADA—"

> the "new construction" provisions, which apply to public accommodations constructed after January 26, 1993; the "alteration" provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the "readily achievable" provisions, which apply to unaltered portions of buildings constructed before January 26, 1993. All facilities built for first occupancy after January 26, 1993 are required to be "readily accessible to and usable by persons with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of the ADAAG, 28 C.F.R. pt. 36, app. A. *See* 42 U.S.C. § 12183(a)(1). All facilities built for first occupancy after January 26, 1993 must comply with the ADAAG. 28 C.F.R. § 36.406.

*Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011). Second, "[d]ue to the changes in ADA requirements over time, the time of construction dictates which building guidelines the [location] must meet:"

> If physical construction or alterations commence[d] after July 26, 1992, but prior to September 15, 2010, then new construction and alterations ... must comply with either UFAS or the 1991 [ADAAG]....If physical construction or alterations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-01609-JLS-JDE | Date: February 24, 2020 |
| Title: James Rutherford v. Johnny Lucatero, et al. | |

> commence[d] on or after September 15, 2010 and before March 15, 2012, then new construction and alterations ... may comply with ... [t]he 2010 [ADAAG], UFAS, or the 1991 [ADAAG].... If physical construction or alterations commence[d] on or after March 15, 2012, then new construction and alterations ... shall comply with the 2010 [ADAAG].

*Smith v. City of Lodi*, No. 2:14-CV-01318-TLN-AC, 2016 WL 3197552, at *4 (E.D. Cal. June 9, 2016) (quoting 28 C.F.R. § 35.151(c)(1)-(3)).

Here, however, the records Rutherford submitted along with the instant Application provide insufficient information for the Court to determine exactly when the Subject Property and El Cabrito were constructed or last altered.  Throughout this case, Rutherford has relied on the assertion that remedy of the ADAAG-noncompliance identified and pleaded in the Complaint is "readily achievable."  (*See, e.g.*, Compl. ¶¶ 27, 31, 34; App. at 8, 10.)  That suggests a belief that the Subject Property was constructed prior to January 26, 1993, as Rutherford does not rely on any "new construction" accessibility requirements.  Regardless, the Court finds that the pleaded accessibility deficiencies identified in El Cabrito's parking lot and restrooms, located at the Subject Property, render the premises non-compliant with both the 1991 and 2010 ADAAG, the two "options" for governing standards.

Under the 1991 ADAAG, "[i]f parking spaces are provided for self-parking by employees or visitors," then a parking lot of between one and twenty-five parking spaces must have at least one accessible space.  28 C.F.R. pt. 36, app. A § 4.1.2(5)(a).  And "[o]ne in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated 'van accessible[.]'"  *Id.* § 4.1.2(5)(b).  Those spaces must be designated as reserved by a sign, placed to ensure that it cannot be obscured by a vehicle parked in the space, and showing the symbol of accessibility while further denoting "Van-Accessible," when appropriate.  *Id.* § 4.6.4.  Under the 2010 ADAAG, the number of required accessible parking spaces is the same.  *See* 36 C.F.R. pt. 1191, app. B § 208.2.  Among those, "[f]or every six or fraction of six parking spaces required . . . , at least one shall be a van parking space complying with [§] 502."  *Id.* § 208.2.4.  The signage identifying accessible parking must "be 60 inches

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                                          Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

(1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign." *Id.* at app. D § 502.6.

Both the 1991 and 2010 ADAAG require that ground and floor surfaces be stable, firm, and slip resistant. 28 C.F.R. pt. 36, app. A § 4.5.1 (1991 standards); 36 C.F.R. pt. 1191, app. D § 302.1 (2010 standards). Similarly, they each require that there be "[a]t least one accessible route"[4] connecting "accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site." 28 C.F.R. pt. 36, app. A § 4.1.2(2) (1991 standards); 36 C.F.R. pt. 1191, app. B § 206.2.2 (2010 standards). Finally, each iteration of the guidelines requires that doorways provide a minimum "clear width" of 32 inches (815 mm), with any thresholds being no higher than half an inch (13 mm). 28 C.F.R. pt. 36, app. A § 4.13.5, 4.13.8 (1991 standards); 36 C.F.R. pt. 1191, app. D § 404.2.3, 404.2.5 (2010 standards).

Accordingly, accepting Rutherford's factual allegations as true, and considering the accompanying corroborating evidence (*see, e.g.*, Rutherford Decl. ¶¶ 5-6; Premises Photographs, Rutherford Decl. Ex. 3, Doc. 23-5), Rutherford has established a violation of the provisions of the ADAAG set forth above, thereby proving the third and fourth elements of his ADA claim.

### iv.   Removal of the Barrier Is Achievable

"[T]he Ninth Circuit has not yet ruled which party has the burden of proof to show that removal of a barrier is readily achievable." *Langer v. S. W. Med. Care Inc.*, No. 517CV00959ODWDTB, 2018 WL 456131, at *3 (C.D. Cal. Jan. 17, 2018); *see also Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529–30 (9th Cir. 2014). Until it does, this Court applies the Tenth Circuit's burden-shifting framework, as articulated in *Colorado Cross Disability v. Hermanson Family, Ltd. P'ship I*, 264 F.3d 999 (10th Cir. 2001). *See* Order on Appl. for Default J., *Langer v. DDD Pham, LLC*, No. 8:14-cv-00430-JLS-JPR (C.D. Cal., Oct. 8, 2014), ECF No. 14 at 6. "Under that framework, Plaintiff bears the initial burden of production to present evidence that a suggested

---

[4] An "accessible route" is one that complies with a range of requirements set forth in the ADAAG. *See. e.g.,* 28 C.F.R. pt. 36, app. D § 4.3.

**CIVIL MINUTES – GENERAL**                                                                                   9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE    Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

method of removal is readily achievable." *Ho v. Tan Trinh*, No. 8:16-CV-481-JLS-JCGX, 2016 WL 11520810, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted). "Hence, for entry of default judgment, Plaintiff must include in his Complaint factual allegations that make plausible the legal conclusion that removal of the barriers is readily achievable. The Court would then presume the truth of those well-pleaded facts." *Id.*

Here, Rutherford alleges that Defendants could remove the barriers "without much difficulty or expense." (Compl. ¶ 27.) And from the photographic evidence that Rutherford has provided, it appears that Defendants could eliminate several of the ADAAG violations through the relatively low-cost remedies of striping a section of parking lot to create a compliant parking stall and access aisle, and replacing the existing parking signage. (*See* Premises Photographs.) And federal regulations make clear that the types of barriers at issue in this case, those involving door hardware and accessible parking spaces, are the exact sort that are readily removable. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014) (citing 28 C.F.R. § 36.304(b)). Thus, the Court finds Rutherford's contentions on removability reasonable and therefore sufficient to shift the burden to Defendants, who—because they failed to appear and defend this action—have failed to meet their burden. Accordingly, the Court concludes that Rutherford has established the fifth and final element of his ADA claim.

### 3. Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, 992 F. Supp. 2d at 1012 (citation omitted).

Rutherford seeks a total of $4,644.00 in attorneys' fees and costs. (Notice of App. at 2.) This amount, plus any amount that would be spent to comply with an injunction under the ADA, would be the entirety of Defendants' liability. The Court is reducing the award of attorneys' fees and has found that removing the architectural barriers at issue would not amount to an onerous financial undertaking. In sum, therefore, the amount of money at issue is relatively small. *Cf. Moore v. Cisneros*, No. 1:12-CV-00188-LJO,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDEDate: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (noting that an award of $10,119.70 on default judgment, including attorney's fees and costs, was "not a relatively large sum of money, nor does it appear unreasonable in light of the allegations in the complaint"). For these reasons, the fourth *Eitel* factor favors entry of default judgment against Defendants.

### 4. Possibility of Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citation omitted); *see also Landstar Ranger*, 725 F. Supp. 2d at 922 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").

As discussed, Rutherford has adequately alleged disability discrimination in violation of the ADA. Defendants have failed to appear and have therefore admitted all material facts alleged in the Complaint. *See Geddes*, 559 F.2d at 560. Additionally, Rutherford has supplied documentary and testimonial evidence to support his allegations. (*See*, Rutherford Decl.; Premises Photographs.) Therefore, the possibility of factual disputes that would preclude default judgment is remote. This factor, too, then, favors the entry of default judgment.

### 5. Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* (concluding this factor favored default judgment where defendant was properly served and contacted plaintiffs' counsel to

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                               Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

discuss the matter). Here, Defendants have been served with the summons and Complaint, as well as the instant Application. (Proofs of Service, Application POS, Doc. 23-9.) Yet, Defendants have failed to answer or otherwise defend this action, rendering unlikely the possibility of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [] motion"). Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp. 2d at 1061. Although "[c]ases should be decided upon their merits whenever reasonably possible[,]" *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action[,]" *PepsiCo*, 238 F. Supp. 2d at 1177. Notwithstanding the strong policy in favor of decisions on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id*. In this case, Defendants have failed to appear or respond. This final *Eitel* factor therefore does not weigh against entering default judgment.

### 7. Conclusion as to *Eitel* Factors

In sum, the *Eitel* factors weigh in favor of entry of default judgment on Rutherford's ADA claim. Accordingly, the Court GRANTS Rutherford's Application.

### IV. REMEDIES

Rutherford seeks injunctive relief, and attorneys' fees and costs. (Notice of App. at 2.) The Court addresses each in turn.

#### A. Injunctive Relief

___

**CIVIL MINUTES – GENERAL**                                                              12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE　　　　　　　　　　　　Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

Rutherford seeks an injunction under the ADA requiring Defendants to comply with the ADAAG's requirements for accessible parking spaces. (*Id.*)

Injunctive relief is proper when architectural barriers at a defendant's establishment violate the ADA and the removal of the barriers is readily achievable. *See Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011); *Vogel*, 992 F. Supp. 2d at 1015; *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1034 n.2 (9th Cir. 2008) ("Title III provides for injunctive relief as the exclusive remedy for private individuals seeking to enforce the law.") (citing 42 U.S.C. § 12188(a)(2)). Rutherford has alleged that Defendants own both El Cabrito and the Subject Property that houses it. (*see* Compl. ¶¶ 2–6; Subject Property Records and El Cabrito Business License Tax Record), and Defendants have not appeared to contest ownership. Rutherford has also alleged that Defendants could remove the barriers "without much difficulty or expense." (Compl. ¶ 27.) Injunctive relief against Defendants is therefore appropriate and the Court GRANTS Rutherford's request for injunctive relief.

### B.　　Attorneys' Fees and Costs

Rutherford seeks an award of attorneys' fees in the amount of $4,106.00 and costs in the amount of $538.00. (Manning Decl. ¶ 8.)

#### 1.　　<u>Attorneys' Fees</u>

Attorneys' fees are available under the ADA. The ADA permits a court "in its discretion" to award attorneys' fees and costs to the "prevailing party." 42 U.S.C. § 12205. "Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate." *Johnson v. Luu-Truong*, No. 2:14-CV-1078-MCE-KJN, 2014 WL 4678344, at *8 (E.D. Cal. Sept. 19, 2014) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.2 (9th Cir. 2001)). "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDE                                                         Date: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

(9th Cir. 2000) (internal citation omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, Rutherford's counsel, Mr. Manning spent 3.25 billable hours prosecuting this case at an hourly rate of $450, and his associate expended 7.05 billable hours at an hourly rate of $375, for a claimed total lodestar of $4,106.25 ((3.25 x 450) + (7.05 x 375))[5]. (*See* Manning Decl. ¶ 8; Billing Records, Manning Decl. Ex. 5, Doc. 23-7.) Manning submitted a declaration asserting the reasonableness of the claimed hourly rates based on his experience and considering prevailing rates, as well as itemized billing records detailing the tasks completed in this litigation. (Manning Decl. ¶¶ 6-7; Billing Records.) The Court notes that the proffered billing rates are theoretically reasonable. *See Vogel v. Dolanotto*, LLC, No. 216CV02488ODWKSX, 2018 WL 1684303, at *3 (C.D. Cal. Apr. 5, 2018) ("[R]ecent decisions establish that the current prevailing market hourly rate for lead ADA attorneys in this community is $300-$425 per hour."); *Perri v. Airport Westerner*, No. CV 18-807 DSF (SKX), 2018 WL 6118528, at *3 (C.D. Cal. Apr. 27, 2018) (awarding Mr. Manning fees in an ADA case at a rate of $425 an hour, after cutting the number of billable hours). But the Court does not find them reasonable in this instance. To support the rates charged, Mr. Manning notes that they are reasonable in light of his experience "in this nuanced area of law." (Manning Decl. ¶ 7.) But, "such cases are ubiquitous[,] rarely have even mildly complicated issues to address," and typically involve boilerplate filings. *Perri*, 2018 WL 6118528, at *3. Accordingly, given the form nature of the Complaint and the case more generally, *cf. Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMX), 2019 WL 5204294, at *4 (C.D. Cal. Aug. 27, 2019) (describing the ever-increasing proportion of construction-related accessibility claims in the Central District), the Court is skeptical that an ordinary ADA case *on default judgment* justifies work at an hourly rate of $450. Further, Mr. Manning has provided no information to support the $375 hourly rate of his associate. Accordingly, the Court, based on its experience and judgment, reduces Mr. Manning's hourly rate to $400 and his associate's hourly rate to $300.

---

[5] Mr. Manning appears to have incorrectly tallied the hours expended in this matter. (*See* Manning Decl.) The Court has calculated the hours worked and lodestar based on the information provided in the billing records. (Billing Records, Manning Decl. Ex. 5, Doc. 23-7.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01609-JLS-JDEDate: February 24, 2020
Title: James Rutherford v. Johnny Lucatero, et al.

The Court finds the hours worked on this case largely reasonable. (*See* Billing Records.) However, the Court will not award attorney's fees for the one hour of time Mr. Manning's associate billed for drafting and filing a "response to the court's OSC re supplemental jurisdiction." (*See id.*; OSC Response, Doc. 20.) The OSC Response that Mr. Manning's firm filed is a form document that the firm has filed with this Court, and numerous other courts in this district, on many occasions.

Based on the adjusted hourly rates and compensable hours, the Court calculates the lodestar as $3,115 ((3.25 x $400) + (6.05 x $300)), and awards attorney's fees in that amount.

2.**Costs**

The Court also concludes that an award of litigation costs is appropriate. In accordance with Local Rules 54-2 and 54-3, Rutherford must submit a "Bill of Costs" and an "Application to the Clerk to Tax Costs" to recover any eligible litigation costs in this action. *See* C.D. Cal. L.R. 54-2, 54-2.1.

**V.CONCLUSION**

For the foregoing reasons, Rutherford's Application for Default Judgment is GRANTED, and the Court awards injunctive relief; attorneys' fees in the amount of $3,115; and eligible litigation costs under Local Rule 54-3.

Rutherford is ORDERED to submit to the Court, within **five (5) days from the date of this Order**, a proposed judgment, including permanent injunction, in accord with this Order and pursuant to the Court's procedures.

Initials of Preparer: tg